UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROY R. GALLEGOS, | |
| Petitioner, | Case No. C22-5506-JCC-MLP |
| v. | |
| RONALD HAYNES, | REPORT AND RECOMMENDATION |
| Respondent. | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Roy Gallegos is under the jurisdiction of the Indeterminate Sentence Review Board ("the Board"). Petitioner seeks to challenge in this action the Board's 1990 decision to set his minimum term of confinement at 720 months pursuant to Substitute House Bill ("SHB") 1457, 51st Leg., Reg. Sess. (Wash. 1989). (*See* dkt. ## 3 at 5, 3-1, Attach. A.) Respondent filed an answer to the petition together with relevant portions of the state court record. (Dkt. ## 6-8.) Respondent argues that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). (*See* dkt.

REPORT AND RECOMMENDATION
PAGE - 1

# 6.) Petitioner has filed a response to Respondent's answer. (Dkt. # 9.) The briefing is now complete, and this matter is ripe for review.

The Court, having reviewed Petitioner's petition, all briefing of the parties, the state court record, and the applicable law, concludes that this federal habeas action should be dismissed as untimely under § 2244(d).

## II.   BACKGROUND

In June 1985, Petitioner entered pleas of guilty in Pierce County Superior Court to one count of murder in the first degree and three counts of statutory rape. (Dkt. # 8, Ex. 21 at 21-24.) Petitioner was thereafter sentenced to consecutive maximum term sentences of life imprisonment for the murder conviction and twenty years imprisonment on each of the three rape convictions. (*Id.*, Ex. 21 at 14-15.) Petitioner did not appeal his convictions.

Under the sentencing scheme in place at the time Petitioner committed his offenses, Washington law required that an individual convicted of first-degree murder serve a mandatory minimum term of confinement of twenty years, less earned good time, before becoming eligible for parole. (*See* dkt. # 8, Ex. 17 at 14-15.) In 1989, the Washington legislature passed SHB 1457 which required the Board to set minimum terms for all individuals serving life sentences for crimes committed before July 1, 1984, and to set such terms consistent with Sentencing Reform Act guidelines. (*See id.*, Ex. 17 at 16-17 (citing RCW 9.95.116, RCW 9.95.009(2)).) Under SHB 1457, the Board was required to request and consider recommendations from the prosecuting attorney and the sentencing judge prior to setting a minimum term. RCW 9.95.116(2).

In Petitioner's case, the prosecuting attorney recommended a term of sixty years for the murder conviction and the sentencing judge recommended that Petitioner never be released. (*See*

1    dkt. # 8, Ex. 21 at 27.) In May 1990, the Board set Petitioner's minimum term of confinement at

2    720 months for the murder conviction. (*See* dkt. # 8, Ex. 16 at 107-111, 114.)

3    　　　　On April 13, 2015, Petitioner filed a personal restraint petition in the Washington Court

4    of Appeals challenging the Board's setting of his minimum term at 720 months, arguing that the

5    State breached Petitioner's plea agreement in relation to the setting of the minimum term and

6    that the Board's setting of the minimum term otherwise violated his constitutional rights. (*See*

7    dkt. # 7, Ex. 1.) On November 13, 2015, the Court of Appeals issued an Order dismissing

8    Petitioner's personal restraint petition. (*Id*., Ex. 4.) Petitioner sought review by the Washington

9    Supreme Court, and the Supreme Court Commissioner issued a ruling denying review on July

10   14, 2016. (*Id*., Exs. 5-6.) The Washington Court of Appeals issued a certificate of finality in

11   Petitioner's first personal restraint proceeding on November 17, 2016. (*Id*., Ex. 7.)

12   　　　　On December 5, 2019, Petitioner filed a petition for writ of mandamus in the Washington

13   Supreme Court, and the petition was thereafter transferred to the Washington Court of Appeals

14   for consideration as a personal restraint petition. (Dkt. # 7, Exs. 8-10.) Petitioner argued in his

15   petition that his plea agreement had been breached by the Board's imposition of a 720-month

16   minimum term which was in excess of the initially set minimum term of twenty-years less good

17   time. (*Id*., Ex. 8.) On August 4, 2020, the Court of Appeals dismissed the petition as frivolous.

18   (*Id*., Ex. 11.)

19   　　　　Petitioner sought review by the Washington Supreme Court, and the Supreme Court

20   Commissioner issued a ruling denying review on November 19, 2020. (Dkt. # 7, Exs. 12-13.)

21   Petitioner moved to modify the Commissioner's ruling, and the Supreme Court granted review.

22   (*Id*., Exs. 14-15.) Following submission of additional briefing and oral argument, the

23

REPORT AND RECOMMENDATION
PAGE - 3

1  Washington Supreme Court dismissed review as improvidently granted. (*Id*., Exs. 16-19.) The

2  Washington Court of Appeals issued a certificate of finality in Petitioner's second personal

3  restraint proceeding on December 2, 2021. (*Id*., Ex. 20.)

4        On April 6, 2022, Petitioner filed another personal restraint petition in the Washington

5  Court of Appeals, arguing again that his plea agreement had been breached and his constitutional

6  rights had been violated by the Board's imposition of a minimum term which was in excess of

7  both the statutory minimum term in place at the time Petitioner entered his plea and the term

8  initially set by the Board. (Dkt. # 8, Ex. 21.) On May 12, 2022, the Court of Appeals dismissed

9  the petition as frivolous, explaining that the Board did not breach the plea agreement or violate

10 Plaintiff's constitutional rights when it complied with SHB 1457 and reset his minimum term to

11 720 months. (*Id*., Ex. 22.) Petitioner sought further review by the Washington Supreme Court,

12 and on June 23, 2022, the Supreme Court Commissioner issued a ruling denying review. (*Id*.,

13 Exs. 23-24.)

14       Petitioner now seeks federal habeas review, arguing that his due process rights under the

15 Fifth and Fourteenth Amendments were violated when the State breached his plea agreement in

16 relation to the Board's resetting of his minimum term in accordance with SHB 1457. (*See* dkt.

17 # 3 at 5.) Petitioner signed his petition for writ of habeas corpus on July 13, 2022, and the Court

18 received the petition for filing on the same date. (*See* dkt. # 1.)

19                      **III.**    **DISCUSSION**

20   **A.**    **Statute of Limitations**

21       The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year

22 limitation period for state prisoners to file applications for federal habeas relief. *See* 28 U.S.C.

23

REPORT AND RECOMMENDATION
PAGE - 4

§ 2244(d)(1). The one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Ninth Circuit has held that § 2244(d)(1)'s one-year limitation period applies to all habeas petitions filed under § 2254, even if the petition challenges an administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1062 (9th Cir. 2004). The Ninth Circuit has also held that when a federal habeas petitioner challenges an administrative decision affecting the fact or duration of his confinement, "AEDPA's one-year statute of limitations runs from when the 'factual predicate' of the habeas claims 'could have been discovered through the exercise of due diligence.'" *Mardesich v. Cate*, 668 F.3d 1164, 1172 (9th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)(D); *Shelby*, 391 F.3d at 1066).

As Petitioner's claim challenges the Board's decision resetting his minimum term to 720 months, the limitations period here is properly calculated by applying § 2244(d)(1)(D). Applying § 2244(d)(1)(D) to the facts of this case, it is reasonable to conclude that the factual predicate of Petitioner's claim should have been known to him in May 1990 when the Board issued its decision resetting the minimum term and served a copy of the decision on Petitioner. (*See* dkt. #

REPORT AND RECOMMENDATION
PAGE - 5

8, Ex. 16 at 107-08.) However, because AEDPA did not take effect until April 24, 1996, Petitioner had a one-year grace period to file his federal habeas petition, and the statute of limitations therefore did not expire until April 24, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001).

Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. Though Petitioner has filed three collateral state court challenges related to the Board's 1990 decision setting his minimum term at 720 months, Petitioner began filing his collateral state court challenges in 2015 (*see* dkt. # 7, Ex. 1), well after the federal statute of limitations had already expired. Thus, the petitions did not act to toll the limitations period.

The statute of limitations governing federal habeas petitions is also subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). The Ninth Circuit has made clear, however, that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (internal quotation and citation omitted). Petitioner does not argue that he is entitled to equitable tolling in this action, and nothing in the record before this Court suggests that the application of equitable tolling would be appropriate here.

Because Petitioner did not file his federal habeas petition until July 2022, over twenty-five years after the statute of limitations expired in April 1997, and because Petitioner has not demonstrated that he is entitled to tolling, Petitioner's petition is time-barred and must therefore be dismissed.

REPORT AND RECOMMENDATION
PAGE - 6

**B.     Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [his] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### IV.     CONCLUSION

For the reasons set forth above, this Court recommends that Petitioner's petition for writ of habeas corpus and this action be dismissed, with prejudice, as untimely under 28 U.S.C. § 2244(d). This Court further recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 25, 2022**.

DATED this 31st day of October, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge